**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHRIS MARTINO II, ) | No. CV-06-2407-PCT-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| GLEN A. CHAPMAN, ) | |
| Defendant. ) | |

The above-captioned case is a contract dispute. Pursuant to 28 U.S.C. § 1332, Plaintiff pro se asserts that this Court's has jurisdiction based on diversity of citizenship. Plaintiff has requested that the Court enter default judgment in his favor in the sum of six million dollars ($6,000,000.00), due to Defendant's failure to file a responsive pleading.[1] Plaintiff has filed an affidavit alleging that he does not know Defendant's whereabouts but states that Defendant's last known residence is in Kingman, Arizona.

The Court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir. 1997) (when in doubt, a

---

[1] Plaintiff served Defendant by publication in the Mohave County Newspaper The Standard over four consecutive weeks.

federal court must sua sponte evaluate whether it has subject matter jurisdiction); <u>Mt. Graham Red Squirrel v. Espy</u>, 986 F.2d 1568, 1581 (9th Cir. 1993) (court has obligation to raise issue of standing sua sponte). The court must dismiss an action when it appears that it lacks subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3).

Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000. In his affidavit, Plaintiff states that the Defendant's last known address is in Kingman, Arizona. Plaintiff further states that Defendant's address, at present, is unknown by Plaintiff. However, Plaintiff does not provide evidence nor does he even assert that Defendant now is domiciled in another state. Because this action raises only state law contract claims, without diversity of citizenship, the Court is required to dismiss this action without prejudice to proceeding in a state court of general jurisdiction. Therefore, the Court directs Plaintiff to show cause, in writing, why this action should not be dismissed for lack of subject matter jurisdiction.

Plaintiff is cautioned that failure to timely comply with this Order could result in dismissal of this action without further notice. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

IT IS ORDERED that Plaintiff show cause, in writing, why this action should not be dismissed for lack of subject matter jurisdiction by March 23, 2007.

DATED this 28th day of February, 2007.

_____
Mary H. Murguia
United States District Judge