**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHRIS MARTINO II, ) | No. CV 06-2407-PCT-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| GLEN A. CHAPMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Presently pending before the Court is Plaintiff Chris Martino II, *pro se*'s two Motions for Entry of Default Judgment (Docs. 13 & 17), and Motion for an Evidentiary Hearing (Doc. 23). Having considered the papers submitted and finding an evidentiary hearing unnecessary, the Court issues the following Order.

This case is a dispute based on an alleged breach of contract. According to the Plaintiff, the Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff has requested that the Court enter default judgment in his favor in the sum of six million dollars ($6,000,000.00), due to Defendant's failure to file a responsive pleading.[1]

---

[1] Plaintiff served Defendant by publication in the Mohave County Newspaper The Standard over four consecutive weeks.

Having received default judgment from the Clerk of the Court, the Court may consider Plaintiff's Motion for Default Judgment. Judgment by default may be entered by the Court when the party entitled to a judgment by default applies to the Court for such judgment. Fed. R. Civ. Pro. 55(b). Federal Rule of Civil Procedure 55(b)(2) permits a court, following a defendant's default, to enter a final judgment in a case. However, entry of a default judgment is not a matter of right. Its entry is entirely within the court's discretion and may be refused where the court determines no justifiable claim has been alleged or that a default judgment is inappropriate for other reasons. See Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Where, as here, a default has been entered, the factual allegations of the complaint together with other competent evidence submitted by the moving party are normally taken as true. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987); Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). However, this Court still must review the facts to insure that the Plaintiffs have properly stated claims for relief. See Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) ("necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default"); Apple Computer Inc. v. Micro Team, 2000 WL 1897354, at *3 n.5 (N.D.Cal. 2000) ("Entry of default judgment is not mandatory upon Plaintiff's request, and the court has discretion to require some proof of the facts that must be established in order to determine liability.") (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (3rd ed. 1998)).

In Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit enumerated seven factors that a court may consider in determining whether to grant default judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. Id. at 1471-72.

Though Plaintiff has submitted an affidavit citing the Eitel factors, the Court is not satisfied with Plaintiff's showing. To date, Plaintiff has only vaguely alluded to the nature of the alleged contract. The contract appears to have been for "a forensic accounting of all of the finances for GNA Hospitality, LLC" (Doc. 22, Plaintiff's Second Supplemental Affidavit in Support of Plaintiff's Motion for a Judgment by Default, ¶ 55) and an "80' x 30' living area on GNA Hospitality property, along with compensation in the amount of Seven Hundred, Fifty Dollars per week and for full time employment" (Id. at ¶ 56). Beyond these minimal facts, Plaintiff includes only vague statements such as that Defendant made an "offer" that Plaintiff "accepted" and that the United States Constitution guarantees citizens the right to enter into contracts. (Id. at ¶ 46).

In accessing the first Eitel factor – the merits of Plaintiff's claim – the Court notes that there are indications that the alleged contract is subject to the statute of frauds and, therefore, is required to be in writing. For instance, in his Second Supplemental Affidavit in Support of Plaintiff's Motion for a Judgment by Default, Plaintiff alleges the contract included an offer of living space. Also, in his Complaint, Plaintiff averred that the contract was governed by the Uniform Commercial Code. Though the statute of frauds is a defense that must be asserted by the defendant (Morgan Elec. Co. v. Neill, 198 F.2d 119, 122 (9th Cir. 1952)), under Eitel, the Court must consider the merits of a claim in deciding whether to award such a large judgment. As it stands, the Court continues to play a guessing game as to the true nature of the alleged contract and the asserted six-million dollars in damages. However, if either of the above allegations are what Plaintiff is basing his claims on, the Defendant would have a strong defense pursuant to the statute of frauds and Plaintiff provided no evidence of a written contract. Thus, the merits of Plaintiff's claim do not weigh in favor of awarding default judgment.

The Court considers the other Eitel factors.  Regarding the second Eitel factor, the sufficiency of the complaint, the Court finds the Complaint insufficient to warrant an award of six million dollars due to the lack of specific facts alleged therein.  Regarding the sum of money at stake in the action, the Court does not find that the evidence supports a six million dollar judgment.  Regarding the possibility of prejudice to the plaintiff, the Court is not convinced Plaintiff will be unfairly prejudice by not granting default judgment of six million dollars.  This is true because Plaintiff has not shown that he suffered damages in the amount of six million dollars.  Regarding the possibility of a dispute concerning material facts, the Court finds it wholly possible that the Defendant would dispute the existence of a contract (which has not been presented to the Court) valued at six million dollars.  Regarding whether the default was due to excusable neglect, it is unclear whether default was due to excusable neglect.  Finally, the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits weighs against granting Plaintiff default judgment.

Moreover, from the facts the Court has been able to ascertain, it seems that GNA Hospitality, LLC, may be a necessary party to the lawsuit (see Doc. 22, Plaintiff's Second Supplemental Affidavit in Support of Plaintiff's Motion for a Judgment by Default, ¶¶ 52, 53, 54, 55, & 56, stating the alleged contract was for living space on GNA Hospitality property). Plaintiff has provided GNA Hospitality's address as 1181 Hancock Road bullhead City, Arizona 86442. (Id. at ¶ 53). Including GNA Hospitality as a Defendant to this lawsuit would destroy this Court's diversity jurisdiction.

Furthermore, the Court still is not convinced that it has jurisdiction based on diversity. This is true because Plaintiff has not provided any evidence that Mr. Chapman is no longer a resident of the State of Arizona.

Additionally, the Court does not find service of process by publication to have been the appropriate form of service.  As an exhibit to his Complaint, Plaintiff included a letter from attorney Jay Bidwell, in which Mr. Bidwell states that he is representing Defendant, Mr. Chapman, in the dispute between Mr. Martino, Mr. Chapman, and GNA Hospitality.

1  Plaintiff could have served the Complaint on Defendant through Defendant's attorney Jay
2  Bidwell.  Therefore, the Court finds service by publication inappropriate.

3  "If the sum of money at stake is completely disproportionate or inappropriate, default
4  judgment is disfavored."  Twentieth Century Fox Film Corp. v. Streeter, 438 F.Supp. 2d
5  1065, 1071 (D.Ariz. 2006). Without additional specific facts to support finding the existence
6  of a contract, the Court does not find it appropriate to award judgment to Plaintiff in the
7  amount of six million dollars.

8  Plaintiff has had numerous opportunities to establish the facts and circumstances
9  behind the alleged contract dispute, including a show cause hearing and Court-directed
10 additional briefing on the subject.  Despite these opportunities, Plaintiff has failed to
11 establish the true nature of the contract dispute for which Plaintiff asserts he is entitled to a
12 six million dollar judgment.  Furthermore, given the number of opportunities Plaintiff has
13 had to establish the facts of this case but has failed to do so, the Court does not find that
14 granting Plaintiff additional opportunities to establish his case will lead to any clearer results.

15 **Accordingly,**

16 **IT IS ORDERED** denying Plaintiff's Motions for Entry of Default Judgment (Docs.
17 13 & 17).

18 **IT IS FURTHER ORDERED** denying Plaintiff's Motion for an evidentiary hearing
19 (Doc. 23).

20 Additionally, on January 4, 2008, Plaintiff filed a document titled "Plaintiff's Notice
21 of Criminal Violation Under Title: 18 U.S.C. § 242 Richard Weare." (Doc. 24)  After
22 reviewing this notice, the Court will construe it as a Motion for Ruling on the case.  In light
23 of the Court's disposition above,

24 **IT IS FURTHER ORDERED** denying plaintiff's Motion for Ruling as moot. (Doc.
25 24)

26 / / /
27 / / /
28

- 5 -

1  **IT IS FURTHER ORDERED** directing the Clerk's Office to close the case.

2  DATED this 8th day of January, 2008.

_____
Mary H. Murguia
United States District Judge